***IN THE UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

DENNIS ISOM

v. Civil Action No. 06-441-S

GARDEN CITY MORTGAGE, LLC;
DME HOLDINGS, LLC; and
DIRECT MAIL EXPRESS INC.

***ANSWER OF DME HOLDINGS, LLC and DIRECT MAIL EXPRESS INC. TO PLAINTIFF'S AMENDED COMPLAINT***

Defendants DME Holdings, LLC and Direct Mail Express Inc. (collectively, "DME"), hereby submit the following as their answer to the Amended Complaint of plaintiff Dennis Isom.

1. The allegations of Paragraph 1 constitute a narrative to which no proper response can be formulated. To the extent that a response is required, DME states that the allegations of the Amended Complaint speak for themselves.

2. DME admits that this Court has jurisdiction over the subject matter of the Amended Complaint under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. DME denies the remaining allegations of Paragraph 2 of the Amended Complaint.

3. DME denies doing business in the State of Rhode Island. DME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Amended Complaint.

4. The allegations of Paragraph 4 constitute a narrative to which no proper response can be formulated. To the extent that a response is required, DME states that the allegations of the Amended Complaint speak for themselves.

5. DME denies the allegations of Paragraph 5 of the Amended Complaint.

6. The allegations of Paragraph 4 constitute a narrative to which no proper response can be formulated. To the extent that a response is required, DME states that the allegations of the Amended Complaint speak for themselves.

7. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint.

8. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint.

9. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Amended Complaint.

10. Admitted.

11. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint.

12. DME admits that Paragraph 12 correctly recites language that appears on the document attached to the Amended Complaint.

13. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Amended Complaint.

14. DME admits that the internet address identified in Paragraph 14 of the Amended Complaint uses the language attributed to it. DME denies the remaining allegations of Paragraph 14 of the Amended Complaint.

15. Denied.

16. Denied.

17. Although it is unclear as to which "defendant" the allegations of this paragraph refer to, DME denies the allegations.

18. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint.

19. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Amended Complaint.

20. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Amended Complaint.

21. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Amended Complaint.

22. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Amended Complaint.

23. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Amended Complaint.

24. DME admits only that plaintiff Isom had not authorized DME to provide, access or use his consumer report or credit information. DME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Amended Complaint.

25. Although it is unclear as to which "defendant" the allegations of this paragraph refer to, DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Amended Complaint.

26. DME admits only that plaintiff Isom has not entered into any transactions with DME. DME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Amended Complaint.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted, as edited.

31. DME admits that Paragraph 31 of the Amended Complaint, as edited, correctly recites language found in 15 U.S.C. § 1681e(e)(2). DME denies the remaining allegations of Paragraph 31 of the Amended Complaint.

32. DME admits the allegations of Paragraph 32 of the Amended Complaint to the extent they are consistent with 15 U.S.C. § 1681b. To the extent that the allegations of Paragraph 32 of the Amended Complaint are inconsistent with 15 U.S.C. § 1681b, those allegations are denied.

33. DME admits the allegations of Paragraph 33 of the Amended Complaint to the extent they are consistent with federal law. To the extent that the allegations of Paragraph 32 of the Amended Complaint are inconsistent with federal law, those allegations are denied.

34. DME admits the allegations of Paragraph 34 of the Amended Complaint to the extent they are consistent with federal law. To the extent that the allegations of Paragraph 34 of the Amended Complaint are inconsistent with federal law, those allegations are denied.

35. Denied.

36. As DME and Direct were not in any way affiliated with or responsible for the form attached as Exhibit A, admitted.

37. DME admits the allegations of Paragraph 37 of the Amended Complaint to the extent they are consistent with federal law. To the extent that the allegations of Paragraph 37 of the Amended Complaint are inconsistent with federal law, those allegations are denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. DME admits that Paragraph 42 of the Amended Complaint recites, with one exception, language found at 15 U.S.C. § 1681n.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. The allegations of Paragraph 49 constitute a narrative to which no proper response can be formulated. To the extent that a response is required, DME states that the allegations of the Amended Complaint speak for themselves.

50. The allegations of Paragraph 50 constitute a narrative to which no proper response can be formulated. To the extent that a response is required, DME states that the document speaks for itself.

51. Denied.

52. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Amended Complaint.

53. The allegations of Paragraph 53 constitute a narrative to which no proper response can be formulated. To the extent that a response is required, DME states that the allegations of the Amended Complaint speak for themselves.

54. The allegations of Paragraph 54 constitute a narrative to which no proper response can be formulated. To the extent that a response is required, DME states that the allegations of the Amended Complaint speak for themselves. However, as DME was not in any way affiliated with or

responsible for the form attached as Exhibit A, DME states that there is no claim against them it whatsoever.

55. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Amended Complaint.

56. DME is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Amended Complaint.

57. Denied.

## *AFFIRMATIVE DEFENSES*

1. The plaintiff has named two parties – DME Holdings LLC and Direct Mail Express, Inc. – that have had no involvement in the preparation or dissemination of the documents attached to the Amended Complaint as Exhibit A. Pursuant to R.I. GEN. LAWS § 9-1-49, and without admitting the substantive nature of the allegations in the Amended Complaint, the proper party to be named as a defendant in lieu of DME Holdings LLC and Direct Mail Express, Inc., is RME, LLC 4910 Savarese Circle, Tampa, FL 33634.

2. The plaintiff has failed to join an indispensable party.

3. The Amended Complaint fails to state a claim as to DME upon which relief may be granted.

4. The plaintiff has not suffered any damages.

5. If the plaintiff has suffered damages, DME's conduct was not the proximate cause of such damages.

DME HOLDINGS, LLC and
DIRECT MAIL EXPRESS INC.
By its attorney,

/s/ Douglas J. Emanuel
Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: April 14, 2007

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 14, 2007.

/s/ Douglas J. Emanuel